```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

LAKEVIEW RV PARK, LLC,           )
                                 )
     Plaintiff,                  )  Civil Action No. 5:08-441-JMH
                                 )
v.                               )
                                 )
                                 )
CITY OF RICHMOND, et al.,        )  **MEMORANDUM OPINION AND ORDER**
                                 )
     Defendants.                 )

                    **      **     **     **     **

This matter is before the Court on Defendants' Motion to Dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and (6). [Record No. 14.] Plaintiff has filed a response [Record No. 17] and Defendant has replied [Record No. 22.]. Accordingly, this matter is ripe for decision, and, for the reasons stated below, Defendants' motion will be granted.

**I. BACKGROUND**

This is an action for breach of contract surrounding a lease agreement (hereinafter, "Lease") entered into between Lakeview RV Park, LLC (hereinafter, "Lakeview") and the City for Lakeview to lease Camp Catalpa Park in Madison County, Kentucky from the City for five years (hereinafter, "Lease"). [Compl. ¶ 24] After the City Commissioners, also named Defendants, voted to approve the Lease, Plaintiff avers that members of the public expressed objection to the Lease which caused Defendants to vote to rescind the Lease, and thus, breach the contract between the parties.

1

[Compl. ¶¶ 34-43].

In addition to its claim for breach of contract, Plaintiff also claims a violation of Lakeview's substantive due process rights and tortious interference with contractual relations.

Plaintiff appended a copy of the contract in dispute to the Complaint. In its Motion to Dismiss, Defendants state that venue is improper in this Court because Article 36 of the Lease states, "[a]ny action to interpret or enforce the terms of this Lease shall be maintained exclusively in the state courts located in Madison County, Kentucky." [Compl., Ex. 1, Art. 36] Defendants argue that the forum selection clause should be given effect and that the Court should dismiss the case for improper venue.

Plaintiff argues that the forum selection clause in the Lease cannot be enforced because the Defendants rescinded the Lease, therefore rendering the entire contract, including the forum selection clause, "null and void as if it never existed." [Plaintiff's Response, p. 5]

Plaintiff further argues that Defendant brought its Motion to dismiss under Fed. R. Civ. P. 12(b)(3) and that a dismissal upon a motion under this selection is improper when the venue dictated by statute is otherwise proper. [Id. at 6] For the following reasons, the Court disagrees with Plaintiff that the forum selection clause is ineffectual and further disagrees that Defendants did not utilize the proper procedure in moving for a dismissal.

2

**II.  STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir.1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541-42 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc*., No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007).

**III. DISCUSSION**

   **A. Defendant's Motion is properly before this Court.**

Contrary to Plaintiff's argument, the Court notes that Defendants actually brought its Motion to Dismiss under Fed. R. Civ. P. 12(b)(3) and (6) and therefore the procedural posture of the Motion is acceptable under the Sixth Circuit's minority rule

3

that there are "two procedural mechanisms that may be used to enforce a valid forum-selection clause: (1) a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and (2) a motion to transfer pursuant to 28 U.S.C. § 1404(a)." *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008) (Moore, J., concurring). The procedural posture of Defendants' Motion to Dismiss is appropriate under Fed. R. Civ. P. 12(b)(6) and the Court will not deny a dismissal on that basis. The Court will now turn to the Defendants' claim that venue is improper in this Court due to the forum selection clause in the Lease.

**B. The forum selection clause is enforceable.**

The parties agree that the standard for enforcing a forum selection clause is set forth in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). The Court in *Bremen* stated that a forum selection clause should be enforced unless the party opposing it can "clearly show that enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

Plaintiff does not allege fraud or overreaching in its complaint. Plaintiff admits that the Lease was entered into "[a]fter months of discussion" between the parties. [Compl. ¶ 24] The Lease attached to the Complaint shows that the forum selection clause is in the same typeface as the rest of the contract and

4

highlighted by the heading "Article 36 Applicable Law and Venue." [Compl., Ex. 1, Art. 36]

Plaintiff argues that it would be "fundamentally unfair" to enforce the forum selection clause because by rescinding the Lease, "Defendants deprived Lakeview of its benefits under the contract and caused it to incur substantial damages ... [and] deprive Lakeview of its ability to enforce the agreement against the City." [Plaintiff's Response, p. 8] Essentially, Plaintiff argues that Defendants' alleged rescission of the Lease caused the Lease to cease to exist, and therefore, the forum selection clause does not exist.

Plaintiff's argument is unfounded. Plaintiff avers in the Complaint that Defendant breached the Lease. [Compl. ¶ 1] Neither a breach of the Lease agreement nor enforcing the forum selection clause "deprive[s] Lakeview of its ability to enforce the agreement against the City." [Plaintiff's Response, p. 8] Plaintiff may re-file this action in Madison County state court and seek to vindicate its rights under the Lease in that court.

Plaintiff claims it would be unjust to allow Defendants to rescind the Lease to avoid their obligations thereunder and at the same time enforce the forum selection clause in the Lease (which Plaintiff claims no longer legally exists because Defendants rescinded it). However, this position is inconsistent with Plaintiff's Complaint, which is based on a breach of the Lease

5

agreement.  If the Lease ceased to exist when Defendants rescinded it, there is no contract under which Plaintiff can bring a breach of contract claim.  Plaintiff's Complaint, therefore, necessarily admits the existence of the agreement and seeks recovery based on the validity of that agreement.

The Court in *Bremen* stated that the party opposing the enforcement of the forum selection clause "should bear a heavy burden of proof" and that "in the light of present-day commercial realities ... the forum clause should control absent a strong showing that it should be set aside."  *Bremen*, 407 U.S. at 17. Forum selection clauses are "subject to judicial scrutiny for fundamental fairness."  *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991).  Plaintiff has not argued that the Madison County state court is inconvenient, that the contract was an adhesion contract, or that the City engaged in fraud or overreaching in the Lease negotiation or execution.  Plaintiff stated in its Complaint that the parties negotiated for several months prior to executing the Lease.  Plaintiff had a full opportunity to object to the forum selection clause at the time the Lease was entered into, but failed to do so.  The language in Article 36 of the Lease clearly put Plaintiff on notice that any litigation arising from the Lease would take place in Madison County, Kentucky, state courts.   This is not a remote or inconvenient venue, due to the fact that Plaintiff's principle

place of business is located in Madison County, the Defendants are located in Madison County, the Lease was executed in Madison County, and the subject of the Lease is land located in Madison County. [Compl. ¶¶ 5-12, 31] Thus, Plaintiff has not met its burden of proving that it would be unjust or unfair for the Court to enforce the forum selection clause in the Lease. Taking all of the facts in the Complaint in the light most favorable to the Plaintiff, the Court finds that this action should be dismissed for improper venue. Because the Court is dismissing the action for improper venue, the Court does not reach a decision on the alternative grounds for dismissal raised in Defendant's Motion to Dismiss.

Accordingly, **IT IS ORDERED**:

(1) That Defendants' Motion to Dismiss [Record No. 14] be, and the same hereby is, **GRANTED**, and

(2) That the above-styled action be, and the same hereby is, **DISMISSED WITH PREJUDICE** and **STRICKEN FROM THE ACTIVE DOCKET**.

This the 25th of September, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge